CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

SEP 25 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRANDON ROSS WATKINS, | ) | CASE NO. 7:14CV00403 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| MIDDLE RIVER REGIONAL JAIL, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Brandon Ross Watkins, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that unnamed jail officials confiscated his prayer rug as contraband and failed to arrange a religious study group or free religious reading materials for Islamic inmates. Upon review of the record, the court finds that the action must be summarily dismissed.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The jail, as the only defendant Watkins has named in this action, is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983).

Because Watkins cannot prevail in a § 1983 claim against the jail, the court dismisses his complaint, pursuant to § 1915A(b)(1), as legally frivolous, without prejudice to Watkins' ability to bring a new action, raising his religious claims against a defendant subject to suit under § 1983. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 25th day of September, 2014.

*/s/ Glen Conrad*
Chief United States District Judge

2

Case 7:14-cv-00403-GEC-RSB   Document 7   Filed 09/25/14   Page 2 of 2   Pageid#: 32